UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
N R G HEAT AND POWER, LLC,

                                        **COMPLAINT**

              Plaintiff,

      -against-

B&G FUTURES, INC., STEVE DIPIETRO,
and CHIRAG VYAS, individually,

             Defendants.
---------------------------------------------------------X

    1.     Plaintiff, N R G HEAT AND POWER, LLC, ("Plaintiff' or "N R G") with offices located at 2 Madison Avenue, Larchmont, New York 10543 is a limited liability company duly organized and existing under the laws of New York and duly licensed to do business in the State of New Jersey.

    2.     Defendant, B&G FUTURES, INC., ( "B&G"), is a corporation duly organized and existing under the laws of Ohio and is headquartered at 4084 Holiday Street NW, Canton, Ohio 44718, and upon information and belief, at all time relevant herein, B&G was not a corporation duly licensed to do business in the State of New Jersey.

    3.     Defendants, STEVE DIPIETRO and CHIRAG VYAS, individually upon information and belief reside in Ohio and Illinois respectively and purport to act as officers and or agents of B&G FUTURES, INC.

    4.     Jurisdiction over this claim exists pursuant to 28 U.S.C. Section 1332, in that plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

5. In 2016 Defendants individually and collectively contracted with Plaintiff at various times, to have deliveries of fuel oil in New Jersey at specific sites designated by Defendants for the benefit of B&G FUTURES, INC.' clients. The quantity and price of the aforesaid deliveries were agree to by the parties herein.

6. However, Defendants individually and/or collectively failed to pay some of the deliveries and owe Plaintiff an outstanding balance of more than $120,000. Plaintiff has demanded said outstanding balance but Defendants have refused to pay the aforesaid debt although the Defendants individually and/or collectively represented that they would pay same.

### SECOND CAUSE OF ACTION
### QUANTUM MERUIT

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of this Complaint.

8. Plaintiff supplied fuel oil in good faith for the benefit, directly or indirectly, of Defendants, under circumstances entitling Plaintiff to entertain reasonable expectation of payment by Defendants.

9. Defendants accepted the foregoing services and fuel oil by Plaintiff and the benefits which it derived therefrom but has not provided Plaintiff with the fair and just compensation.

10. Under these circumstances, Defendants have been unjustly enriched at Plaintiff's expense and the circumstances are such that equity, justice and good conscience require that Plaintiff be entitled to recover the value of the benefit conferred by it upon Defendants.

11. The benefit conferred by Plaintiff upon Defendants is the reasonable value of the services and market value of the fuel oil which were supplied by Plaintiff.

12. Plaintiff is entitled to recovery in *quantum meruit,* and an award in damages in an amount not less than $120,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### ACCOUNT STATED

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint.

14. Defendants individually made an express and/or implied promise to pay Plaintiff a stated sum of money which the parties had agreed upon as the amount due.

15. Namely, (a) Plaintiff presented an account to Defendants, (b) the account was accepted as correct; and (3) Defendants individually and/or collectively promised to pay the amount stated in said account.

16. Defendant made a partial payment to Plaintiff in connection with said account but has failed to pay an outstanding balance of $120,000.00.

WHEREFORE, Plaintiff demands judgment:

(1) on the first cause of action, declaring that Defendants have breached the Agreement, and awarding plaintiff compensatory damages from Defendants in the amount of $120,000.00 plus pre-judgment interest.

(2) on the second cause of action, declaring that Plaintiff is entitled to recovery in quantum meruit and for damages in an amount not less than $120,000.00 plus-prejudgment interest.

(3) on the third cause of action, declaring that Plaintiff is entitled to recovery for an account stated and for damages in an amount not less than $120,000.00 plus-prejudgment interest.

Dated: Rye, New York
June 20, 2017

                                        Maker, Fragale & Di Costanzo, LLP

                                        *Costantino Fragale*
                                        _____
                                        Costantino Fragale (CF9480)
                                        *Attorneys for Plaintiff*
                                        350 Theodore Fremd Avenue
                                        Rye, New York 10580
                                        (914) 925-1010