UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

N R G HEAT AND POWER, LLC,                     2:17-cv-04536

                              Plaintiff,

          -against-                          **AFFIRMATION OF**
                                                             **COSTANTINO FRAGALE**

B&G FUTURES, INC., STEVE DIPIETRO, and
CHIRAG VYAS, individually,

                              Defendants.
-----------------------------------------------------------------X

      Costantino Fragale, a member of the Bar of this Court and am associated with the firm of Maker, Fragale & Di Costanzo, LLP, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action, hereby affirms the following under penalty of perjury:

      1.     I am the attorney for plaintiff N R G Heat and Power, LLC ("N R G")., and submit this Affirmation in support of N R G's motion by order to show cause for a default judgment against defendants in the sum of $120,000.00 as monetary damages plus costs and disbursements of this action.

      2.     The Summons and Complaint in the above-captioned action was filed on June 21, 2017 ("Complaint"). A copy of the Complaint is annexed herewith as Exhibit A, which was personally served on defendants Steve DiPietro on July 5, 2017 and B&G Futures, Inc. ("B&G") (collectively "Defendants") on that same day. A copy of the affidavits of service are annexed herewith as Exhibits B and C respectively (ECF documents No. 4 and 5). Plaintiff was not able to serve Defendant Chirag Vyas. The Clerk of the Court issued a Certificate of Default Judgment on September 25, 2017. Exhibit D (ECF Document No. 7).

      3.     In June 2017, N R G commenced this action against Defendants which seeks to

recover damages that resulted from breach of contract, quantum meruit and account stated. The salient facts underlying that action are that in 2016, Defendants individually and collectively contracted with N R G at various times to have deliveries of fuel oil in New Jersey at specific sites designated by defendants for the benefit of B&G's clients. The quantity and price of the aforesaid deliveries were agreed upon by the parties herein. However, Defendants, individually and/or collectively, failed to pay some of the deliveries and owe N R G an outstanding balance of more than $120,000.00. N R G has demanded the outstanding balance but Defendants have refused to pay the aforesaid debt although Defendants, individually and/or collectively, represented that they would pay same.

4. Under the circumstances, N R G was entitled to payment by Defendants. Defendants accepted the foregoing services and fuel oil by N R G and the benefits which it derived therefrom but has not provided N R G with fair and just compensation. Thus, Defendants have been unjustly enriched at N R G's expense and the circumstances are such that equity, justice and good conscience require that N R G be entitled to recover the value of the benefit conferred by it upon Defendants. The benefit conferred by N R G upon Defendants is the reasonable value of the services and market value of the fuel which were supplied by N R G.

5. Further, Defendants individually made an express and/or implied promise to pay N R G a stated sum of money which the parties had agreed upon as the amount due. Namely, (a) N R G presented an account to Defendants, (b) the account was accepted as correct and (c) Defendants individually and/or collectively promised to pay the amount stated in said account. Defendants made a partial payment to N R G in connection with said account but has failed to pay an outstanding balance of $120,000.00.

6. It is well settled law that an inquest can be dispensed with when the amount sought in the pleadings is for a sum certain.

> upon the entry of a party's default in an action, the amount of damages must be established by the plaintiff in a post-default inquest, "**unless the amount is liquidated or susceptible of mathematical computation**." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (emphasis added).

*Victor P. Muskin, P.C. v Ketchum*, 2004 US Dist LEXIS 20976, at *3 (SDNY Oct. 20, 2004).

7. Here, Defendants have shown total indifference to Plaintiff's claims and demands and therefore have clearly accepted the consequences of the amount of damages sought by N R G.

> Under Rule 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." "By limiting damages to [3] what is specified in the 'demand for judgment,' [Rule 54(c)] ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer."

*Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) ("there is no reason to permit [Rule 54(c)] to be used as a shield when a defaulting party has full knowledge of the relief sought against it but nevertheless ignores the proceedings").[1]

---

1 Indeed, "courts may award damages in the absence of an <u>ad damnum</u> clause articulating a sum certain, so long as those damages do not depart from the type of relief sought in the complaint." *See, e.g., Braccia v. D'Blass Corp.*, No. 08 Civ. 08927 (LTS) (KNF), June 13, 2011, 2011 WL 2848146, at *6 (S.D.N.Y. June 13, 2011) (citing *Ames*, 227 F.R.D. at 362); *Carrasco v. W. Vill. Ritz Corp.*, No. 11 Civ. 7843 (DLC), 2012 U.S. Dist. LEXIS 125365, 2012 WL 3822238, at *1-2 (S.D.N.Y. Sept. 4, 2012).

3

WHEREFORE, N R G respectfully requests that the Court grant a Default and Judgment in the amount of $120,000 plus cost of disbursements for the filing fee and process server fees in the amount of $780, against Defendants B&G FUTURES, INC., STEVE DIPIETRO a/k/a Steven DiPietro, and for such other and further relief as this Court may deem just and proper.

Dated: Rye, New York
       September 26, 2017

MAKER, FRAGALE & DI COSTANZO, LLP

By:_____
Costantino Fragale
Attorneys for the Plaintiff
350 Theodore Fremd Avenue
Rye, New York 10580
(914) 925-1010